Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| THE SHERWIN-WILLIAMS CO. PR<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE GUAYANILLA; JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYANILLA<br><br>Recurridos<br><br>COMERCIAL LOS FURGONES<br>Licitador Seleccionado | TA2025RA00002 | *Revisión* procedente de la Junta de Subastas del Municipio de Guayanilla<br><br>Sobre: Revisión de Adjudicación de Subasta General Núm. 1-AE-2025-2026 Renglón 15 – Suministro de Pinturas y Accesorios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparece The Sherwin-Williams, Co. PR (en adelante, Sherwin o parte recurrente) mediante un recurso de revisión judicial para solicitarnos la revisión de la *Adjudicación de la subasta general* (Subasta) #1-AE-2025-2026, emitida y notificada el 6 de junio de 2025, por la Junta de Subastas del Municipio de Guayanilla (en adelante, Junta de Subastas o parte recurrida).[1] Mediante la determinación recurrida, se le adjudicó la buena pro de la antedicha subasta a Comercial Los Furgones.

Por los fundamentos que expondremos, se *desestima* la adjudicación de la subasta *recurrida* por prematura.

I

Surge de los autos ante nuestra consideración que, el 9 de mayo de 2025, la Junta de Subastas emitió un *Aviso de Subastas*

_____

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada 1, Apéndice del recurso Núm. 7.

para la Subasta General #1-AE-2025-2026, la cual contenía treinta y cinco (35) renglones.[2] Mediante este aviso, indicó que recibiría propuestas en sobres sellados y rotulados con el número de renglón, nombre de la compañía y número de subasta, las cuales debían de ser radicadas en o antes 28 de mayo de 2025, a las 9:30 a.m. A su vez, especificó en el referido aviso que, si el licitador deseaba participar en varios renglones, estos debían de venir acompañados, individualmente, de una fianza de $100.00 dólares a nombre del Municipio de Guayanilla, la cual no sería rembolsable, y se podía efectuar mediante cheque certificado, giro postal o un 'Bid-Bond' montante al diez por ciento (10%) de la solicitud entregada. Indicó que la fianza garantizaría los precios de los artículos y materiales cotizados hasta que fuera adjudicado cada renglón. Por otra parte, estableció las siguientes condiciones generales para la mencionada subasta:

1. TODA LICITACIÓN DEBER[Á] VENIR ACOMPAÑADA DE UNA FIANZA DE $100.00 O UN BID BOND MONTANTE AL DIEZ POR CIENTO (10%) DE LA SOLICITUD ENTREGADA, QUE GARANTICE LOS PRECIOS DE LOS ART[Í]CULOS Y MATERIALES COTIZADOS Y EL FIEL CUMPLIMIENTO DE LA OFERTA O UN PAGO DE $100.00 A NOMBRE DEL MUNICIPIO DE GUAYANILLA. ESTA FIANZA NO SERÁ REEMBOLSABLE.

2. LAS LICITACIONES DEBER[Á]N SOMETER UN ORIGINAL E (*sic*) AÑADIR EL FORMATO DIGITAL Y UNA COPIA EN SOBRES SELLADOS POR SEPARADOS.

3. EL PAGO DE LOS PLIEGOS SER[Á] DE $25.00 POR RENGLÓN.

4. SE DEBERÁ ESTABLECER UN TIEMPO RAZONABLE PARA EL PAGO DE LA FACTURA EL CUAL DEBE HONRAR TODO EL AÑO FISCAL.

5. CUALQUIER VIOLACIÓN A LO EXPUESTO EN ESTE PLIEGO SERÁ MOTIVO DE LA CANCELACIÓN DE PARTICIPACIÓN EN LA SUBASTA.

6. LA HON. JUNTA DE SUBASTAS SE RESERVA EL DERECHO DE ACEPTAR O RECHAZAR CUALQUIER OFERTA QUE A SU MEJOR CRITERIO RESULTE EN DESVENTAJA PARA LOS INTERESES DEL MUNICIPIO;

---

[2] SUMAC TA, a la Entrada 1, Apéndice del recurso Núm. 1.

ASÍ COMO ADJUDICAR LA BUENA PRO TOMANDO COMO BASE OTROS FACTORES QUE NO SEAN NECESARIAMENTE EL PRECIO.

7. SI AL ABRIR ESTE SOBRE CERRADO CONTENIENDO LA OFERTA, NO ESTÁ INCLUIDA LA FIANZA DE LICITACIÓN, NO SE PERMITIRÁSUBSANAR EL DEFECTO MEDIANTE EL DEPÓSITO DE LA MISMA[.] TODA OFERTA QUE AL ABRIRSE EL SOBRE CERRADO NO TENGA LA FIANZA EXIGIDA, SERA DESCALIFICADA INMEDIATAMENTE Y NO SERÁ CONSIDERADA POR LA JUNTA DE SUBASTAS.

8. TODOS Y CADA UNO DE LOS PLIEGOS DE LICITACIÓN RECIBIDOS COMO RESULTADOS (*sic*) DE ESTA CONVOCATORIA O SUBASTA PODR[Á]N SER RECHAZADOS SI SE CONSIDERA QUE EL LICITADOR CARECE DE RESPONSABILIDADES O SI LA NATURALEZA, CALIDAD DE LO QUE OFRECEN EST[Á] FUERA DE LOS REQUISITOS QUE SE EXIGEN, DISPONI[É]NDOSE, ADEM[Á]S[,] QUE SI LOS PRECIOS COTIZADOS SE CONSIDERAN COMO IRRAZONABLES O QUE EL P[Ú]BLICO NO SE BENEFICIE DE LOS MISMOS, SE DECLARA LA SUBASTA EN LA PARTE CORRESPONDIENTE SIN NING[Ú]N EFECTO[.]

9. LUEGO DE LA EVALUACIÓN DE LAS OFERTAS SE LE SOLICITAR[Á] AL LICITADOR AGRACIADO QUE SOMETA LOS SIGUIENTES DOCUMENTOS LOS CUALES SON REQUERIDOS PARA LA FORMALIZACIÓN DEL CONTRATO POR SERVICIOS.

   a. CERTIFICACIÓN DE DEUDA ACTUALIZADA DEL DEPARTAMENTO DEHACIENDA[.]

   b. CERTIFICACIÓN RADICACIÓN DE PLANILLAS DE LOS [Ú]LTIMOS CINCO AÑOS DEL DEPARTAMENTO DE HACIENDA[.]

   c. CERTIFICADO DEL REGISTRO DE COMERCIANTE DEL DEPARTAMENTO DE HACIENDA[.]

   d. CERTIFICACIÓN DEL CRIM (MUEBLE E INMUEBLE)[.]

   e. CERTIFICACIÓN DE ASUME[.]

   f. PATENTE MUNICIPAL DEL MUNICIPIO DONDE EST[É] UBICADO EL NEGOCIO[.]

   g. CERTIFICACIÓN DEL DEPARTAMENTO DEL TRABAJO[.]

   h. CERTIFICACIÓN DE INCORPORACIÓN[.]

   i. SI TIENE EXENCIÓN CONTRIBUTIVA, COPIAS DEL CERTIFICADO DE TRABAJO[.]

j. EVIDENCIA SI APLICA DE ESTAR ACOGIDO A LOS BENEFICIOS DE LA LEY 42 DEL 5 DE AGOSTO DE 1989, COMO LA LEY DE POLÍTICA PREFERENCIAL PARA COMPRAS DE GOBIERNO[.]

k. PÓLIZA DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO[.]

l. DECLARACI[Ó]N JURADA DEL MUNICIPIO DE GUAYANILLA[.][3]

Así las cosas, el 26 de mayo de 2025, **Comercial Sabanero Inc.** (Sabanero) presentó una propuesta para el Renglón #15 de la Subasta sobre Suministros de Pinturas y Accesorios.[4] Al día siguiente, **Sherwin** sometió también una propuesta para el aludido Renglón #15 de la Subasta.[5] Luego, **Comercial Los Furgones** (Los Furgones) incoó igualmente una propuesta para el antedicho renglón.[6]

Evaluadas las propuestas, el 6 de junio de 2025, la Junta de Subastas emitió y notificó la *Adjudicación de la subasta general #1-*

---

[3] SUMAC TA, a la Entrada 1, Apéndice del recurso Núm. 4, a las págs. 2-3.

[4] *Íd.*, Apéndice del recurso Núm. 6. Este licitador acompañó su propuesta con la documentación siguiente: (i) 'Bid-Bond' por la cantidad de $100.00 dólares; (ii) Cotización de los suministros correspondientes al renglón; (iii) Aviso dirigido al Municipio sobre el modo en que se someterían las facturas y se realizarían los pagos por los servicios rendidos; (iv) Cheque dirigido al Municipio por la cantidad de $25.00 dólares.

[5] SUMAC TA, a la Entrada 1, Apéndice del recurso Núm. 4. Se desprende de los autos que Sherwin acompañó su propuesta con: (i) 'Bid-Bond' por la cantidad de $100.00 dólares; (ii) Cotización de los suministros correspondientes al renglón; (iii) Certificación negativa de deudas del Departamento de Hacienda de Puerto Rico (Hacienda); (iv) Certificación de radicación de planillas de Hacienda; (v) Certificado de Registro de Comerciantes; (vi) Certificación de Radicación de Planillas sobre la propiedad inmueble del Centro de Recaudación de Ingresos Municipales (CRIM); (vii) Certificación negativa de propiedad inmueble del CRIM; (viii) Certificación de deuda por todos los conceptos del CRIM; (ix) Certificación Patronal de Cumplimiento de la Administración para el Sustento de Menores (ASUME); (xi) Patente Municipal del Municipio de Yauco, con fecha de vigencia hasta el 30 de junio de 2025; (xii) Certificación negativa de deudas del Departamento del Trabajo y Recursos Humanos (Departamento del Trabajo); (xiii) Certificado de incorporación de Sherwin del Estado de Ohio; (xiv) Estatutos de incorporación de Sherwin; (xv) Certificación de Deuda de la Corporación del Fondo del Seguro del Estado (CFSE).

[6] SUMAC TA, a la Entrada 1, Apéndice del recurso Núm. 5. Cabe resaltar que de la propuesta no surge la fecha en la cual fue sometida. Asimismo, conforme a los autos ante nuestra consideración, esta propuesta únicamente fue acompañada con una cotización de los suministros correspondientes al renglón. Conviene mencionar, además, que, de un examen del expediente administrativo, notamos que pese a que, de la propuesta del postor agraciado, surge un recibo de la entrega de la fianza de licitación, este especifica que **la referida fianza es por concepto del Renglón #14, no así del Renglón #15, que es la Subasta que nos compete**. Véase SUMAC TA, a la Entrada 11, Expediente Administrativo, Anejo Núm. 10, pág. 3.

AE-2025-2026, que constituye la determinación objeto de revisión.[7]

Mediante la determinación recurrida, se le adjudicó la buena pro del Reglón #15 de la Subasta a Los Furgones.

Conforme se desprende del referido documento, las razones por las cuales se le adjudicó la subasta a Los Furgones fueron las siguientes: (a) fue la oferta más completa; (b) según el análisis de la evaluación de la oferta representaba los mejores intereses para el Municipio; (c) los precios eran competitivos en el mercado; (d) era el suplidor del Municipio de Guayanilla en ese entonces; y el servicio ofrecido era satisfactorio.

En desacuerdo, el 16 de junio de 2025, compareció ante nos Sherwin mediante un recurso de revisión en el cual alzó el siguiente señalamiento de error:

> A. Erró la Junta y actuó de forma caprichosa, arbitraria y prejuiciada adjudicando el Renglón 15 de la Subasta a un licitador no responsivo que incumplió con requisitos esenciales de la Subasta y al no seleccionar a Sherwin quien cumplió con todos los requisitos de la Subasta ofreciendo bienes sustancialmente más económicos.

Junto al recurso, Sherwin presentó una *Moción en auxilio de jurisdicción* y una *Solicitud para presentar Moción en auxilio de jurisdicción en exceso de páginas.* De ahí, mediante *Resolución* del 17 de junio de 2025, concedimos a la parte recurrente hasta el 23 de junio de 2025, para acreditar haber notificado copia del recurso a las partes y a la agencia recurrida y autorizamos la presentación de la moción en auxilio de jurisdicción en exceso del límite de páginas reglamentario. Por otro lado, concedimos a la parte recurrida hasta el 20 de junio de 2025, a las 2:00 p.m., para expresarse en torno a la solicitud en auxilio de jurisdicción y hasta el 10 de julio de 2025, a las 2:00 p.m., para presentar su alegato en oposición al recurso.

---

[7] SUMAC TA, a la Entrada 1, Apéndice del recurso Núm. 7.

Así las cosas, el 18 de junio de 2025, compareció Sherwin en cumplimiento con nuestra *Resolución* del 17 de junio de 2025.

Habiendo decursado el término concedido a la parte recurrida para expresarse en torno a la solicitud en auxilio de jurisdicción, el 23 de junio de 2025, emitimos una *Resolución* mediante la cual ordenamos la paralización de los procedimientos ante la Junta de Subastas.

Por otro lado, mediante *Resolución*, emitida el 25 de junio de 2025, concedimos a la Junta de Subastas hasta el 30 de junio de 2025, para presentar copia certificada del expediente administrativo objeto de este caso. No habiendo cumplido la Junta de Subastas con lo ordenado, Mediante *Resolución* emitida el 7 de julio de 2025, concedimos a la Junta de Subastas un término adicional hasta 14 de julio de 2025 a las 11:00 a.m. para cumplir con lo ordenado.

El 14 de julio de 2025, compareció el Municipio de Guayanilla y la Junta de Subastas para presentar copia certificada del expediente administrativo. Habiendo decursado el término concedido a la parte recurrida sin haberlo hecho, procederemos a disponer del recurso sin el beneficio de su comparecencia.

II

**A. Falta de jurisdicción por prematuro**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[8] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[9] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[10]

---

[8] *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[9] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[10] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez.*

Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[11] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[12] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[13] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[14] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[15]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[16] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia. o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[17] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[18]

---

[11] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[12] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[13] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[14] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).
[15] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).
[16] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo,* 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.
[17] *Moreno v. Pres. U.P.R. I,* 178 DPR 969, 973 (2010).
[18] *Crespo v. Cintrón,* 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[19] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[20] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[21]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[22] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

**B. Limitación de la Revisión Judicial a Ordenes y Resoluciones Finales**

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[23] Para cumplir con ese principio, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar decisiones, órdenes y resoluciones de las agencias administrativas.[24] Ahora bien, la aludida competencia está limitada a órdenes y resoluciones finales.[25] Esta limitación se consagra, además, en la Sección 4.2 de la Ley de Procedimiento

---

[19] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[20] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[21] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.
[22] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 110, 215 DPR __ (2025).
[23] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[24] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[25] *Íd.* Véase, además, Regla 56 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 75.

Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG). La referida sección dispone que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia [...].[26]

El Tribunal Supremo de Puerto Rico ha definido las órdenes y resoluciones finales como aquellas que: (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii) resuelven todas las controversias ante la agencia. Es decir, son decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[27] Por su parte, la Sección 3.14 de la LPAU exige, entre otras cosas, que las órdenes y resoluciones finales: (i) se emitan por escrito; (ii) incluyan y expongan separadamente las determinaciones de hecho y conclusiones de derecho que fundamentan la adjudicación; (iii) estén firmadas por el jefe de la agencia o cualquier otro funcionario autorizado por ley; (iii) adviertan el derecho de solicitar reconsideración ante la agencia o de instar un recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, y que (iv) indiquen las partes que deberán ser notificadas del recurso de revisión, así como los términos correspondientes.[28] Así, pues, si el dictamen incumple con los antedichos requisitos, cualquier recurso que se presente para impugnar los méritos de la decisión sería prematuro.[29]

---

[26] Ley Núm. 38-2017, 3 LPRA sec. 9672.
[27] *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006).
[28] Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9654.
[29] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).

III

De entrada, puntualizamos que, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, puesto a que inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[30] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[31] A tenor, y luego de haber examinado los autos ante nuestra consideración, disponemos que en este caso no tenemos jurisdicción. Ello, dado a que la adjudicación de la Subasta objeto de revisión es prematura, por lo que no es susceptible de ser revisada. Nos explicamos.

En el presente caso, la Junta de Subastas únicamente, se limitó a expresar las razones por la cual adjudicó la subasta a favor de Los Furgones. Conforme esgrimimos en nuestra previa exposición doctrinal, la competencia de este Tribunal para revisar decisiones, órdenes y resoluciones de las agencias se limita a dictámenes finales. Dada a la insuficiencia en la notificación juzgamos que el recurso ante nos es prematuro.

Establecido lo anterior, es un hecho indubitado que la adjudicación de la Subasta ante nuestra consideración no es susceptible de revisión. En vista de ello, no tenemos otra alternativa que desestimar el recurso del título.

Ahora bien, puntualizamos que nuestra determinación en nada limita que una vez la Junta de Subastas emita una

---

[30] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.,* supra, a la pág. 372.
[31] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

adjudicación que cumpla con el marco legal, la parte que así lo estime pueda solicitar el remedio que corresponda.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción por prematuro. En consecuencia, se deja sin efecto la paralización de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones